SUPREME COURT OF ARIZONA

STATE OF ARIZONA ex rel. RACHEL )  Arizona Supreme Court
H. MITCHELL, Maricopa County    )  No. CR-24-0092-PR
Attorney,                       )
                                )
                                )  Court of Appeals
                    Petitioner, )  Division One
                                )  No. 1 CA-SA 24-0050
              v.                )
                                )  Maricopa County
HON. KEVIN B. WEIN, JUDGE OF THE )  Superior Court
SUPERIOR COURT OF THE STATE OF  )  No. CR2013-004824-001
ARIZONA, in and for the County  )
of Maricopa,                    )  **FILED 5/8/2024**
                                )
              Respondent Judge, )
                                )
TASHAWN CHEATHAM,               )
                                )
              Real Party in Interest. )
_____ )

**DECISION ORDER**

*Per Curiam*

On April 5, 2024, Petitioner State of Arizona filed *State's Petition for Review of the Court of Appeals' Order Accepting Jurisdiction but Denying Relief of the State's Petition for Special Action* and requested expedited review. On April 10, 2024, the Court granted the Petitioner's motion for expedited review.

On April 29, 2024, Real Party in Interest Tashawn Cheatham ("Cheatham") filed *Response to State's Petition for Review of a Special Action Decision from the Court of Appeals*.

Upon review and consideration,

Although this Court generally "defers 'to the trial judge who sees and hears the juror,'" *State v. Naranjo*, 234 Ariz. 233, 240 ¶ 19 (2014) (citing *Wainwright v. Witt*, 469 U.S. 412, 426 (1985)), the

trial court may only strike a juror for cause when the juror's views "would 'prevent or substantially impair the performance of [the juror's] duties [] in accordance with [the court's] instructions and [the juror's] oath,'" *id*. at 240 ¶ 17.

Based on the record before the Court,

**THE COURT FINDS** that the superior court failed to allow and conduct sufficient examination to objectively conclude that Trial Juror 1 could not render a fair and impartial verdict. *See State v. Canez*, 202 Ariz. 133, 147 ¶ 32 (2002) ("Juror prejudice will not be presumed but must be demonstrated by objective evidence.").

**THE COURT FURTHER FINDS** that Cheatham did not meet his burden to show that Trial Juror 1's responses, based on the totality of circumstances, indicate bias or prejudice making Trial Juror 1 unable to render a fair and impartial verdict.

**THE COURT FURTHER FINDS** that the superior court erred by removing Trial Juror 1 without objective proof of bias or prejudice that substantially impaired the juror's ability to render a fair and impartial verdict.

**THE COURT FURTHER FINDS** that the Respondent Judge failed to make the necessary finding, before removing Trial Juror 1, that the juror has a bias or prejudice that substantially impaired the juror's ability to render a fair and impartial verdict. *See, e.g.*, *State v. Payne*, 233 Ariz. 484, 498 ¶ 16 (2013) (finding that the trial court erred by failing to afford an opportunity to rehabilitate a juror);

Ariz. R. Crim. P. 18.5(f) (stating requirement that courts "conduct a thorough oral examination of the [] jurors and control the voir dire examination.").

Therefore,

**IT IS ORDERED** that Petitioner's *Petition for Review of a Special Action Decision of the Court of Appeals* is granted.

**IT IS FURTHER ORDERED** vacating the superior court's February 20, 2024 order striking Trial Juror 1 for cause.

DATED this 8th day of May 2024.

_____/s/_____
ROBERT BRUTINEL
Chief Justice


Justice William G. Montgomery is recused and did not participate in the determination of this matter.

TO:
Alice Jones
Hon. Kevin B Wein
John N Schneider
Jennifer Nicole Carper
Sandra K Hamilton
Albert J Morrison Jr.
Amy M Wood
Hon Jeff Fine
Erin Bennett
ga